### GEORGE B. CARPENTER *vs.* SCHOOL TRUSTEES IN HOPKINTON.

Gen. Stat. R. I. cap. 58, § 13, which opens "all the public schools in the State to the children of officers and soldiers," &c., "without any cost or expense for taxes, or other charges imposed for purposes of public education," does not exempt the estate of such officer or soldier from taxes levied for school purposes.

STATUTORY proceedings under Gen. Stat. R. I. cap. 55, §§ 1, 2, as amended by Public Laws R. I. cap. 363, March 26, 1874, and cap. 622, March 30, 1877.

The following statement was addressed to the Commissioner of Public Schools, and by him submitted to Mr. Justice Matteson, April 2, 1878, under Gen. Stat. R. I. cap. 55, § 2, as amended by Pub. Laws R. I. cap. 363, March 26, 1874, and cap. 622, March 30, 1877.

                        "ASHAWHY, R. I., *March* 25, 1878.

" HON. THOMAS B. STOCKWELL, Providence, R. I. :

" DEAR SIR, — The joint school districts Nos. 2 and 4 of Hopkinton, and 8 of Westerly, assessed a tax of 28 cents on each and every one hundred dollars of ratable property in said districts for the year 1877, and I, being a resident of said district, was taxed for two thousand dollars. I claim exemption from such and all

assessments the districts may make for educational purposes, &c. (see chap. 58, sect. 13, Revised Statutes), for the following reasons : I enlisted in the 4th Regiment R. I. Vols. in September, 1861, and was in active service until July 3, 1864, when I lost my right arm in the battle known as the ' explosion of the mine in front of Petersburg.'          Respectfully yours,

                                    " G. B. CARPENTER.

    " We the undersigned trustees of said districts agree to the above statement of facts, and submit the same to the court without a hearing.

                    " NATHAN SAUNDERS, ⎫
                    " WM. L. CLARKE,   ⎬  *Trustees.*"
                                       ⎭

OPINION OF A JUSTICE OF THE SUPREME COURT.

*October* 26, 1878.   MATTESON, J.   This is an appeal to the commissioner of public schools from a decision of the trustees of the joint school district composed of districts numbers two and four of Hopkinton, and number eight of Westerly.   The commissioner has laid before me a statement of facts, assented to by both parties, and of the question raised thereby, for my decision. From this statement it appears, that the district has voted, that a tax of twenty-eight cents upon each and every hundred dollars of the ratable property in the district be assessed for school purposes, for the year 1877 ; that the appellant resides in the district and has children who attend its schools ; that he is the owner of estate, within the district, valued in the assessment at two thousand dollars ; that in September, 1861, he belonged to the State of Rhode Island, and was mustered into the service of the United States in the war of the late rebellion, as a member of the 4th regiment of Rhode Island volunteers, and remained in such service till July 30, 1864, when he was discharged therefrom, in consequence of the loss of his right arm, in the battle known as the explosion of the mine in front of Petersburg. Upon these facts he claims, that his estate is exempt under Gen. Stat. R. I. cap. 58, § 13, from the tax in question, and from all taxes that the district can impose.   The trustees, on the other hand, insist that the appellant's estate is subject to assessment for the tax in question.

    Gen. Stat. R. I. cap. 58, § 13, is as follows : " All the public

schools in the State, including the State Normal School, shall be open to the children of officers and soldiers belonging to the State, mustered into the service of the United States, and of those persons belonging to the State, and serving in the navy of the United States, and who died in said service during the late rebellion against the authority of the United States, or who were discharged from said service in consequence of wounds or disease contracted in said service, or who were killed in battle, without any cost or expense or taxes, or other charges imposed for purposes of public education."

The provisions of this section were originally contained in Pub. Laws R. I. cap. 547, § 1, January 18, 1865, entitled " an act for free education of children of disabled and deceased officers, soldiers and other persons belonging to Rhode Island in the army and navy of the United States." The two sections are substantially the same, except that the original section contained in the last clause the word "*rates*," so that it read, " without any cost or expense for taxes, rates, or other charges," &c. At the date of the passage of the original section, school districts had power to fix, or to authorize their trustees to fix, subject to the approval of the school committee of the town, a rate of tuition to be paid by the persons attending school, or their parents, employers, or guardians, to be used in addition to the moneys received from state appropriations, in defraying the cost of fuel, books, and other expenses incident to the support of public schools. Rev. Stat. R. I. cap. 64, § 9. In towns not organized into districts, the school committee were authorized to fix the rate of tuition. Rev. Stat. R. I. cap. 64, § 11. Payment of these rate-bills might be required in advance, or collected by the town or district collector, in the same manner as town taxes. Rev. Stat. R. I. cap. 64, § 13. No scholar could, as a matter of right, attend any other than the public school in the district to which he belonged, if the town was divided into districts, or if not so divided, any other than the nearest public school.

I am of the opinion, that the intention of the General Assembly, in the passage of Pub. Laws R. I. cap. 547, § 1, January 18, 1865, was to relieve the children of the classes of persons named, their parents and guardians, from the payment of rate-bills, which, as we have seen, under the provisions of law then existing,

were liable to be, and were in fact, assessed upon scholars attending public schools, and from the payment of all other taxes and charges which might thereafter be imposed by law upon scholars personally as a condition of attending public schools, and also at the same time to confer upon such children the right to attend, not only the schools of their own districts, or the nearest public school in towns where there were no districts, but also any public school in the State. The language of the section, " All the public schools of the State . . . . shall be *open* . . . . *without cost*," &c., favors this view.

By Pub. Laws R. I. cap. 762, § 3, March 27, 1868, the power of school districts to impose rate-bills for tuition upon scholars, or their parents, or guardians, was repealed; and hence, the word " rates " was omitted from Gen. Stat. R. I. cap. 58, § 13, which was doubtless intended as a reënactment of the law existing previously to its taking effect.

Had the General Assembly intended to exempt the *property* of the classes of persons named from taxation for the purposes of education, as contended by the appellant, they could easily have chosen words more apt. Some of the objections to such a construction, which suggest themselves, may be stated. 1. There is no limitation as to the amount of property which a person of the classes named may hold exempt from taxation. 2. There might be two persons living in a district, owning estates of equal value, the one having children to attend school and the other not, whose claims to exemption from taxation in every other respect might be equally strong. Under the construction in question, the property of the one having children would be exempt, while the property of the other would be subject to taxation. Can it be supposed that the General Assembly intended such a discrimination? 3. If the construction contended for were to prevail, it may .well be doubted, whether any portion of the money appropriated by towns, for the support of public schools, derived from taxes assessed in the ordinary way, that is, upon all ratable property, including the property of the classes of persons named, could be properly appropriated for that purpose, and whether it would not be necessary for the towns to order a special tax for the support of public schools, in the assessment of which the

property of the persons named should not be included.    Such a mode of proceeding has never been considered necessary.

My decision is, that the appellant is not entitled to the exemption claimed, and that the appeal be dismissed.

*Appeal dismissed.*